IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL VICTORY, | ) | No. C 03-1061 JSW (PR) |
| Petitioner, | ) ) | **ORDER REOPENING ADMINISTRATIVELY CLOSED CASE, DIRECTING CLERK TO FILE AMENDED PETITION AND TO SHOW CAUSE** |
| vs. | ) ) ) | |
| G. LEWIS, Warden, | ) ) | |
| Respondent. | ) ) ) | (Docket No. 23) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. On March 15, 2004, this Court ordered Respondent to show cause why the petition should not be granted (docket no. 8). On June 1, 2004, Respondent filed a motion to dismiss the petition as not fully exhausted (docket no. 12). On June 28, 2004, Petitioner filed an opposition to the motion to dismiss (docket no. 13). Respondent did not file a reply. On February 25, 2005, this Court granted the motion to dismiss and ordered Petitioner to make an election regarding his unexhausted claims (docket no. 14.) Thereafter, Petitioner informed the Court that he wanted to amend his petition to delete the unexhausted claims and requested a stay of the proceedings while he completes the process of exhausting his unexhausted claims (docket no. 16). The Court subsequently entered a stay and administratively closed the case pending Petitioner's exhaustion of his additional claims. Thereafter, he notified the Court that exhaustion was complete and

filed certain motions. He also submitted an amended petition. However, the Court's receipt of the amended petition was not documented on the Court's docket sheet. Thereafter, Petitioner submitted a motion seeking "correction of the docket" in that the Court Clerk did not docket his amended complaint (docket no. 23). Because the Court now orders the Clerk to re-open Petitioner's case and file the amended petition, the motion is GRANTED (docket no. 23)

## BACKGROUND

According to the petition, Petitioner was convicted by a jury in Santa Clara County Superior Court of assault with intent to commit rape, kidnapping with intent to commit rape, torture, assault with intent to commit great bodily injury and resisting arrest. On August 3, 1998, he was sentenced to a term of eleven years plus life in state prison. Petitioner appealed his conviction to the California Court of Appeal which denied the petition in 2000. According to the petition, the Supreme Court of California denied Petitioner's petition for review on August 23, 2000 and the United States Supreme Court denied Petitioner's writ of certiorari on January 16, 2001. Petitioner sought state post-conviction relief in the Santa Clara County Superior Court, the California Court of Appeal, Sixth Appellate District and the California Supreme Court. The final petition was ultimately denied by the Supreme Court of California on February 11, 2003. Petitioner filed the present petition on March 11, 2003. After the Court dismissed Petitioner's original complaint as partially unexhausted, Petitioner was granted leave to file an amended petition after his unexhausted claims were exhausted in state court.

## DISCUSSION

I    Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    <u>Legal Claims</u>

Petitioner raised the following claims in the initial petition, which this Court found stated a claim for relief: (1) the trial court's error in instructing the jury regarding great bodily injury violated Petitioner's due process rights; (2) Petitioner's conviction for the crimes of assault with intent to commit rape, kidnapping with intent to commit rape, torture and kidnapping were all based on insufficient evidence and violated his due process rights; (3) the prosecutor's comments regarding Petitioner's failure to explain his actions violated Petitioner's rights under the Fifth, Sixth and Fourteenth Amendments; (4) prosecutorial misconduct violated Petitioner's rights under the Sixth and Fourteenth Amendments; (5) Petitioner was prejudiced by ineffective assistance of trial counsel in violation of the Fifth, Sixth and Fourteenth Amendments; (6) Petitioner received ineffective assistance of appellate counsel in violation of the Fifth, Sixth and Fourteenth Amendments; and (7) Petitioner's sentence and the fine imposed by the trial court were excessive and violated his rights under the Eighth Amendment.

It appears that, in addition to the claims raised in the original petition, Petitioner may have raised additional claims in the amended petition. Respondent is directed to file an answer to the petition or file a dispositive motion, as appropriate.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall administratively reopen this case, file the amended petition and serve by certified mail a copy of this order and the amended petition, and all attachments thereto, on Respondent. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the

3

Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

IT IS SO ORDERED.

DATED: March 29, 2007

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge