IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VICTORY,<br><br>Petitioner,<br><br>vs.<br><br>G. LEWIS, Warden,<br><br>Respondent. | No. C 03-1061 JSW (PR)<br><br>**ORDER REGARDING PENDING MOTIONS**<br><br>(Docket Nos. 30, 32, 36) |

Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. On March 15, 2004, this Court ordered Respondent to show cause why the petition should not be granted (docket no. 8). The Court subsequently entered a stay and administratively closed the case pending Petitioner's exhaustion of his additional claims in the state courts. Thereafter, Petitioner filed an amended petition. The Court reopened the case and ordered Respondent to show cause why the amended petition should not be granted. On May 25, 2007, Respondent filed an answer to the petition, a memorandum in support thereof and exhibits.

Thereafter, Petitioner filed two motions seeking an extension of time to file a traverse (docket nos. 30, 32), and on July 23, 2007, a traverse to Respondent's answer. Petitioner's motions are GRANTED (docket nos. 30, 32) and the traverse is deemed timely.

On August 6, 2007, Petitioner also filed a motion seeking an evidentiary hearing, discovery and appointment of counsel for the hearing (docket no. 36). In the motion, Petitioner elaborates on the potential testimony he seeks to elicit regarding defense counsel's ineffective representation at his trial. However, Petitioner has not specified whether he failed to develop the factual basis for his claims in state court.

Under the AEDPA, a district court presented with a request for an evidentiary hearing must determine whether a factual basis exists in the record to support the petitioner's claim. If it does not, and an evidentiary hearing might be appropriate, the court's first task in determining whether to grant an evidentiary hearing is to ascertain whether the petitioner has failed to develop the factual basis of a claim in state court. If so, the court must deny a hearing unless the petitioner establishes one of the two narrow exceptions set forth in § 2254(e)(2). *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999); *see, e.g., Bragg v. Galaza*, 242 F.3d 1082, 1085 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001) (court of appeals precluded from remanding case for an evidentiary hearing, despite concerns about gaps in the record, where petitioner failed to develop the factual basis for his claim in state court). If, on the other hand, the petitioner has not failed to develop the facts in state court, the district court may proceed to consider whether a hearing is appropriate or required under *Townsend v. Swain*, 372 U.S. 293 (1963), *modified by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). *Baja*, 187 F.3d at 1078.

A prisoner "fails" to develop the factual basis of a claim, triggering § 2254(e)(2), if "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams (Michael) v. Taylor*, 529 U.S. 420, 432 (2000). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437. In California, an appellate court presented with a state habeas petition determines whether an evidentiary hearing is warranted only after "formal pleadings" are ordered, if they are.

*Horton v. Mayle*, 408 F.3d 570, 582 n.6 (9th Cir. 2005). If the state court denies the petition without ordering formal pleadings, the case never reaches the stage where an evidentiary hearing must be requested, and the petitioner's failure to request such a hearing in state court does not trigger § 2254(e)(2). *Id.*

That an evidentiary hearing is permitted because a prisoner was able to clear the hurdle posed by § 2254(e)(2) does not mean that a hearing is required. *Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000). The district court retains discretion whether to hold such an evidentiary hearing. The standard pre-AEDPA for determining whether a federal evidentiary hearing is required is if: (1) petitioner's allegations, if proven, would establish the right to relief, and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts. *Williams v. Calderon*, 52 F.3d 1465, 1484 (9th Cir. 1995); *Jeffries v. Blodgett*, 5 F.3d 1180, 1187 (9th Cir. 1993).

In this case, Petitioner has not specified whether he failed to develop the factual basis for his claims in state court under the AEDPA standard. Therefore, Petitioner's request for an evidentiary hearing is DENIED without prejudice to Petitioner filing a properly substantiated motion identifying how he attempted to develop the factual basis for his claims in state court (docket no. 36).

IT IS SO ORDERED.

DATED: January 29, 2008

JEFFREY S. WHITE
United States District Judge

3

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | FOR THE | |
| 3 | NORTHERN DISTRICT OF CALIFORNIA | |

VICTORY,

    Plaintiff,

v.

LEWIS,

    Defendant.

Case Number: CV03-01061 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 29, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christopher William Grove
Attorney at Law
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102

Michael Victory
CDC P-07048
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA 93210

Dated: January 29, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk